**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

**KENNETH HILL, Individually,**

|  |  |  |
|---|---|---|
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **CASE NO.** CIV-26-139-JAR |
| | **)** | |
| **UNITED STATES OF AMERICA *ex rel.*** | **)** | |
| **UNITED STATES POSTAL SERVICE,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**COMPLAINT**

Comes now the Plaintiff, Kenneth Hill, individually, and for his Complaint against Defendant, The United States of America *ex rel.* The United States Postal Service ("Defendant USPS"), alleges and states as follows:

**VENUE AND JURISDICTION**

1. This case arises out of a motor vehicle collision ("the subject incident") between Plaintiff and Timothy Beam ("Mr. Beam"), an employee of the United States Postal Service, that occurred on or about June 15, 2024.

2. The subject incident occurred on Wood Dr. in Okmulgee, Oklahoma, located in Okmulgee County, State of Oklahoma.

3. Plaintiff Kenneth Hill was and is a citizen of the State of Oklahoma. He resides in Oklahoma City, Oklahoma.

1

4.  To the best of Plaintiff's knowledge and belief, Mr. Beam was an employee and/or agent for Defendant and was acting within the scope and course of the business of Defendant at all relevant times.

5.  The United States Postal Service is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201.  Accordingly, the United States of America is the appropriate defendant in this matter.  28 U.S.C. §§ 1346, 1402, 2672, 2674.

6.  Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, both jurisdiction and venue are proper in this Court.

7.  Pursuant to the Federal Tort Claims Act, Plaintiff has timely complied with the notice-of-claim provision and submitted a Standard Form-95.

8.  On or about October 17, 2025, Plaintiff's claim was assigned to the National Tort Center.

9.  As of the date of this filing, Defendant USPS has failed to make a final disposition of Plaintiff's claim.

10.  More than six (6) months have passed since the date of filing of Plaintiff's Standard Form-95.

**FACTS**

11. On June 15, 2024, Plaintiff Kenneth Hill was a passenger in a vehicle driven by his sister, Sharron Glover.

12. On June 15, 2024, at approximately 9:54 a.m., Ms. Glover and Mr. Hill were traveling northbound on Wood Dr. in Okmulgee, Oklahoma, located in Okmulgee County.

13. On June 15, 2024, at approximately 9:54 a.m., Timothy Beam was driving a United States Postal Office vehicle traveling northbound on Wood Dr. in Okmulgee, Oklahoma, located in Okmulgee County.

14. To the best of Plaintiff's knowledge and belief, the vehicle Mr. Beam was driving on June 15, 2024, at approximately 9:54 a.m., was owned by Defendant.

15. On June 15, 2024, at approximately 9:54 a.m., Mr. Beam was following the vehicle driven by Ms. Glover.

16. On June 15, 2024, at approximately 9:54 a.m., Ms. Glover slowed her vehicle due to a dog running onto the roadway.

17. On June 15, 2024, at approximately 9:54 a.m., Mr. Beam was following Ms. Glover's vehicle too closely.

18. On June 15, 2024, at approximately 9:54 a.m., Mr. Beam did not slow down and stop behind the vehicle driven by Ms. Glover.

19. On June 15, 2024, at approximately 9:54 a.m., Mr. Beam failed to recognize Ms. Glover's vehicle slowed and/or stopped and crashed into the rear of Ms. Glover's vehicle, in which Plaintiff was a passenger.

20. On June 15, 2024, at approximately 9:54 a.m., a collision occurred involving the vehicles driven by Ms. Glover and Mr. Beam.

21. On June 15, 2024, at approximately 9:54 a.m., a collision occurred involving the vehicles driven by Ms. Glover and Mr. Beam. Mr. Beam did not slow down and stop behind the vehicle driven by Ms. Glover.

22. As a result of the motor vehicle collision that occurred on June 15, 2024, Plaintiff suffered personal injuries.

## CLAIM FOR RELIEF – NEGLIGENCE

23. Plaintiffs incorporate and re-allege the foregoing paragraphs.

24. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility to exercise reasonable care in the operation of the vehicle he was driving.

25. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility to operate the vehicle he was driving in a careful, prudent, and lawful manner.

26. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility to devote his full time and attention to the roadway and the vehicles on it.

27. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility to maintain an adequate and safe space between his vehicle and the vehicle driven by Ms. Glover.

28. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility to maintain a safe following distance between his vehicle and the vehicles ahead of him, including the vehicle driven by Ms. Glover.

29. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility to slow down and stop behind the vehicle driven by Ms. Glover.

30. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, had a responsibility not to follow Ms. Glover's vehicle more closely than was reasonable and prudent.

31. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, did not exercise reasonable care in the operation of the vehicle he was driving.

32. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, did not operate the vehicle he was driving in a careful, prudent, and lawful manner.

33. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, did not devote his full time and attention to the roadway and the vehicles on it.

34. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, did not maintain a safe following distance between his vehicle and the vehicle driven by Ms. Glover.

35. On June 15, 2024, Defendant's employee and/or agent, Mr. Beam, did not slow down and stop behind the vehicle driven by Ms. Glover.

36. At the time and place of this collision, Defendant, by and through its employee and/or agent, Mr. Beam, was negligent in that Mr. Beam:

  a.   Failed to keep a proper lookout;

  b.   Failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision;

  c.   Failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

  d.   Failed to maintain an awareness of the road and traffic conditions and

5

environment in which he was driving;

e.  Followed Ms. Glover's vehicle more closely than was reasonable and prudent; and,

f.  Drove such vehicle in a reckless manner.

37.  As a result of the negligence of Defendant's employee and/or agent, Mr. Beam, a collision occurred with the vehicle driven by Ms. Glover in which Plaintiff was a passenger, resulting in Plaintiff's injuries.

38.  As a result of the collision caused by the negligence of Defendant's employee and/or agent, Mr. Beam, Plaintiff sustained injuries.

39.  Pursuant to the doctrine of respondeat superior, Defendant USPS is vicariously liable for Mr. Beam's recklessness, negligence, and/or gross negligence.

40.  Plaintiff's personal injuries were not a proximate result of any act or omission of the Plaintiff or Ms. Glover, but attributable wholly to the conduct of the Defendant.

**DAMAGES**

41.  Plaintiff incorporates by reference the preceding allegations here.

42.  As a result of Defendant's negligence complained of herein, Plaintiff incurred the following damages:

a.  Bodily injuries requiring medical treatment;

b.  Physical pain and suffering;

c.  Mental anguish and emotional distress; and

6

d. Past and future medical bills and other related expenses for medical treatment and services.

WHEREFORE, Plaintiff prays for judgment against the Defendant in the amount of $25,000.00, plus costs, interest, and any other such relief as the Court deems appropriate against Defendant in an amount to fully and fairly compensate Plaintiff for the elements of damages that Plaintiff has suffered.

Respectfully submitted,

s/Andy J. Campbell
Andy J. Campbell, OBA No. 30512
NIX & DIESSELHORST, PLLC
15401 N. May Avenue
Edmond, Oklahoma 73013
Tel: 405-478-3737
Fax: 405-513-5005
Email: andy@oklahomainjurylaw.com

**JURY TRIAL DEMANDED**